IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:01-972-JFA |
| ) | |
| v. ) | ORDER |
| ) | |
| CALVIN GRAHAM ) | |
| ) | |
| _____ ) | |

The *pro se* defendant, Calvin Graham, has filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The government has responded and moved for summary judgment, contending that the defendant's motion is untimely and without merit.

After the government moved for summary judgment, the court then issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the defendant of the procedures to be followed by a litigant facing a motion to dismiss or for summary judgment. The defendant did not respond to the motion for summary judgment.

PROCEDURAL BACKGROUND

Graham and another co-defendant were charged with various drug and firearms offenses. In May 2002, Graham pled guilty to being a member of a drug trafficking conspiracy (Count 1) and to using a firearm in relation to a drug trafficking offense (Count 5). In November 2002, this court sentenced Graham to 181 months incarceration. The court thereafter granted Graham's motion made pursuant to 18 U.S.C. § 3582 and reduced

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

1

Graham's sentence to 180 months, the mandatory minimum sentence applicable to his case.

For the reasons which follow, the court has determined that an evidentiary hearing is not necessary and that the motion should be dismissed because it is untimely and also lacks merit.

STANDARDS OF LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

*Summary Judgment*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2) (2009). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party.

*Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir.1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

*Statute of Limitations*

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, provides a one-year statute of limitations period on the filing of a § 2255 action. That limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Pub.L. No. 104-132, § 105(2).

GROUNDS FOR RELIEF

Graham argues that he is entitled to relief pursuant to United States v. Leon Williams, 558 F.3d 166 (2d Cir. 2009). The government's summary judgment motion argues both that this action is not timely and that the claim fails on its merits. The court agrees on both counts.

Applying the AEDPA statute to this case, it is clear that this action is untimely. Graham filed this motion on September 19, 2011, nearly nine years after he received his sentence of which he now complains. Graham attempts to evade the one-year limitation period by arguing that he is asserting a right that has been "newly recognized by the Supreme Court and made retroactively to applicable to cases on review," thus making this action timely under § 2255(3).

As the government correctly points out, Williams was not a decision of the United States Supreme Court made applicable to cases on collateral review. It was a decision of the United States Court of Appeals for the Second Circuit. Moreover, the United States Supreme Court granted certiorari in the Williams case and vacated the Second Circuit's decision and remanded it for further consideration in light of Abbott v. United States. Because the right asserted here does not arise from a Supreme Court decision, the action is untimely.

4

Secondly, and perhaps more importantly, Graham's motion fails on its merits. His sole argument is that the sentence he received for his firearms conviction under § 924(c) should not have been ordered to run consecutively to the sentence he received for his drug conviction. Williams relied upon the so-called "except clause" of § 924(c) to hold that the term of imprisonment in that case should not have been ordered to run consecutively to the companion sentence. The Supreme Court vacated the Williams decision and remanded it to the Second Circuit for further consideration in light of Abbott v. United States, 131 S.Ct. 18 (2010). In Abbott, the Supreme Court held that defendants were subject to the consecutive sentences for possessing a firearm in furtherance of a drug trafficking crime despite higher minimum sentences for separate counts of convictions, thus abrogating Williams and a similar case, United States v. Almany, 598 F.3d 238 (6th Cir. 2010).

CONCLUSION

Because this action is clearly untimely and because, in any event, it fails on its merits, the motion by the government for summary judgment (ECF No. 96) is granted and this action is hereby dismissed with prejudice.

It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."

5

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

December 12, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge